**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CINQUE A. BRANDON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:21-CV-278 SRW |
| ST. LOUIS CITY POLICE OFFICERS, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Cinque Brandon, an inmate at Clark County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of this action, the Court will order plaintiff to amend his complaint within twenty-one (21) days of the date of this Memorandum and Order.

**Legal Standard on Initial Review**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### The Complaint and Supplemental Pleadings

Plaintiff Cinque A. Brandon filed the instant action pursuant to 42 U.S.C. § 1983 on March 3, 2021. In his complaint titled, "Defamation," plaintiff asserts he was brought to the St. Louis City Justice Center on October 21, 2020, on charges stemming from an "illegal arrest." He asserts the arrest violated his "federal conditional supervised release" which was scheduled for discharge on December 20, 2020. Plaintiff names as defendants "St. Louis City Police Officers."

In a document filed as an amended complaint on March 19, 2020, plaintiff asserts that he was arrested by the St. Louis Police Department on October 21, 2020, for assault in the first degree and second-degree property damage at his residence. He argues that his arrest was "illegal" because the witnesses purportedly identified him as a "victim" of the crime, rather than a "suspect." Despite this fact, plaintiff claims that he was taken into custody and charged by the St. Louis City Police Department, and as a result, his federal supervised release was revoked.[1]

---

[1]Plaintiff filed two supplements to his pleadings on May 4, 2021, and June 1, 2021. On May 4, 2021, plaintiff filed a copy of a document titled, "St. Louis Metropolitan Police Supplemental Report," which was dated October 29, 2020. On June 1, 2021, plaintiff filed a document titled, "Amended Declaration of Cinque Brandon."

3

Plaintiff states that while he was detained at the Justice Center, he missed a court date involving his "runaway teen daughter," lost his jobs at Auto Zone and Jiffy Lube, and he passed out in his cell at the Justice Center and broke his jaw. Plaintiff claims his anxiety also increased during his incarceration, and he was diagnosed with Post-Traumatic Stress Disorder after being involved in a shooting. Last, plaintiff states that he contracted Covid-19 during his incarceration at the Justice Center. In his complaint, plaintiff sought monetary damages for his "unjust" supervised release revocation. He also sought release from his confinement at the Justice Center.

On June 30, 2021, after filing two supplements to his complaint, plaintiff sought leave to file a third supplement to his complaint. In his motion for leave, plaintiff states that he is seeking judgment in this matter on his behalf because the record clearly shows that he is a victim of the crime for which he was charged.

### Plaintiff's Current Criminal Charges

Plaintiff Cinque Brandon pleaded guilty in this District on January 22, 2016, to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *United States v. Brandon*, 4:15CR255 CDP (E.D. Mo).[2] He was sentenced on March 16, 2017, to thirty-six (36) months' imprisonment, as well as three (3) years of supervised release. Plaintiff's supervision commenced on December 20, 2017. *See United States v. Brandon*, 4:15CR255 HEA (E.D. Mo.) [ECF No. 89].

On May 7, 2018, the Court modified plaintiff's conditions of supervised release to include mental health treatment as well as participation in the Gang Re-entry Initiative Program (GRIP). This was done in response to plaintiff's Adderall use, missed drug treatment sessions, and missed substance abuse testing dates. On December 13, 2018, the Court was notified of plaintiff's opiate

---

[2] The Honorable Catherine D. Perry was the sentencing Judge in plaintiff's criminal case. However, the case was transferred to the Honorable Henry Edward Autrey on April 30, 2018.

use. No Court action was taken, instead plaintiff was ordered by the Court to serve a weekend in jail, in line with Project GRIP policy. *See United States v. Brandon*, 4:15CR255 HEA (E.D. Mo.) [ECF Nos. 91-94].

According to plaintiff's supervised release officer, on October 14, 2020, St. Louis City Police Officers received a call for "Shots Fired into a Dwelling" at 8743 Annetta. Upon arrival, officers met with Witness #1, who advised that around 10:05 AM, she observed three armed males approach the residence and yell, "Where that dude at?" Witness #1 asked to whom the men were referring, to which the males replied, "It don't matter." Witness #1 then entered the residence and closed the door. Witness #1 heard several gunshots and took cover until the shots ceased. Officers noted they observed ballistic damage to the front door and rear living room wall of the residence. Officers also noted ballistic damage to the door and fence of Circle of Light Greater Achievers Learning Center. Circle of Light is an operational daycare and school which cares for children during the day. At the time of the incident, several children were outside playing in the playground. Although no children were harmed, the incident caused a substantial risk of serious physical injury and/or death.

The manager of Circle of Light informed officers that the daycare has surveillance cameras pointed towards 8743 Annetta. Officers viewed the footage which shows a black male wearing a red jumpsuit and black hat walk out of the residence with an unknown type of handgun. He then begins firing several shots in the northeast direction. While discharging the firearm, the subject makes several quick movements as if attempting to dodge what officers believe to be shots fired towards the male. After reviewing the footage, the manager of the daycare informed officers that the male in the video is Witness #1's significant other, Cinque Brandon, who frequents the area. Officers spoke with Witness #1 again; at which time she identified the male as Cinque Brandon.

5

Officers also spoke with a Witness #2, who wished to remain anonymous. Witness #2 advised he/she witnessed three armed black males and one unarmed black female approach the residence yelling when the males began firing weapons towards the residence. The witness retreated when the shots began. Officers recovered several shell casings at the scene and placed a "wanted" out for Cinque Brandon. The wanted was for Assault 1st Degree and Unlawful Possession of a Firearm. A review of Missouri.Case.Net does not reveal any state charges resulting from this incident relative to plaintiff.

St. Louis City Police Officers allege the incident began when Cinque Brandon traveled to the residence of a person who is caring for plaintiff's daughter. Plaintiff requested the return of his daughter, and when the request was unmet, he began threatening harm and left. In response to the threats, the three males and female traveled to plaintiff's residence and began firing.

As a result of plaintiff's purported conduct with a firearm on October 14, 2020, a federal warrant for a supervised release violation was issued for the arrest of plaintiff on October 20, 2020. *United States v. Brandon*, 4:15CR255 HEA (E.D. Mo.) [ECF No. 96]. Plaintiff was remanded to custody on October 27, 2020. *Id.*

On December 10, 2020, plaintiff was indicted in a separate federal court action relating to the same underlying facts of his supervised release revocation. *See United States v. Brandon*, No. 4:20CR773 HEA (E.D. Mo). Plaintiff is charged with being a felon in possession of a firearm, possession with the intent to distribute methamphetamine, possession with the intent to distribute cocaine base (crack), and possession of a firearm in furtherance of a drug trafficking crime. The matter is currently set for a change of plea on November 29, 2021. [ECF No. 48]. Plaintiff is also awaiting a hearing on his supervised release revocation.

**Discussion**

Because plaintiff's complaint, as well as his amended complaint, are not on a court-provided form. The Court will require plaintiff to amend his pleading. Additionally, plaintiff has submitted three supplemental pleadings, and the Court will not allow supplements to the complaint.[3] Plaintiff must allege all of his claims in one amended complaint typed or neatly printed on a Court-provided form.

Additionally, the Court notes plaintiff's allegations as currently pled fail to state a claim upon which relief may be granted. The only named defendant in this action, "St. Louis City Police Officers," cannot legally be sued. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Moreover, plaintiff's assertions that he was "illegally detained," as currently pled, fail to state a claim for relief. Plaintiff has not properly alleged a violation of his Fourth Amendment rights in his complaint, nor has plaintiff identified a particular defendant who allegedly denied him those rights.[4] *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

---

[3]*See Popoalii v. Correctional Medical Services,* 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion).

[4]Plaintiff should be aware that pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), where "plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Furthermore, a prisoner may not recover damages in a 42 U.S.C. § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

However, because plaintiff is pro se, the Court will allow him twenty-one (21) days to amend his pleading on a court-form to correct his pleading deficiencies. Plaintiff's amended complaint will be due to the Court no later than twenty-one (21) days from the date of this Memorandum and Order, and it must be completed on a court-provided form. Plaintiff is advised that the amended complaint will replace the original complaint and all supplemental pleadings. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

Plaintiff must type or neatly print the amended complaint on a Court-provided form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). <u>Plaintiff should fully complete the complaint form, and he must sign the complaint form pursuant to Federal Rule of Civil Procedure 11</u>.

In the "Caption" section of the complaint form, plaintiff should write each defendant's name or names. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). Plaintiff should specify whether he is suing each defendant in an official capacity, individual capacity, or both. Plaintiff must avoid naming anyone as a defendant unless that person is directly related to their claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support the claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state each claim in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he

may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for causing harm. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

### Motion for Appointment of Counsel

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for causing harm. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

### Motion for Appointment of Counsel

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, at this point, he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. Thus, the Court will decline to appoint counsel in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within twenty-one (21) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint on a court-form in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement his complaint [ECF No. 11] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 12th day of November, 2021.

                                                       */s/ Stephen R. Welby*
                                                       STEPHEN R. WELBY
                                                       UNITED STATES MAGISTRATE JUDGE